

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 14 2006
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STANLEY SHEPHERD, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | 3:05-CV-1442-D |
| | § | |
| DALLAS COUNTY, TEXAS | § | |
| Defendant. | § | |

## DEFENDANT DALLAS COUNTY'S MOTION TO DISMISS AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW the Defendant Dallas County ("the County"), pursuant to Fed.R.Civ.P. 12(b)(6), and moves the Court to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted. In support of this motion, the County would show the Court as follows:

**I.**

This civil rights action was filed, under 42 U.S.C. § 1983, by Plaintiff, through his counsel of record, on July 20, 2005. The gravamen of Plaintiff's complaint is that <u>while he was incarcerated in the Dallas County Jail</u> between October 4, 2003 and January 22, 2004 he was denied various medications for high blood pressure and such denial caused him to suffer a stroke on January 22, 2004. For this alleged denial of his constitutional right to medical care and injury, Plaintiff seeks monetary damages and attorneys' fees.

In its answer filed August 12, 2005 the County asserted as an affirmative defense that

Plaintiff had failed to exhaust available administrative remedies or to satisfy all conditions precedent prior to the institution of suit. This asserted defense forms the basis of this motion to dismiss.

## II.

42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), directs:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Supreme Court has held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter v. Nussle, 534 U.S. 516, 532 (2002). A prisoner must exhaust the administrative remedies irrespective of the forms of relief sought and offered through administrative remedies. Booth v. Churner, 532 U.S. 731, 741 n. 6; Ferrington v. La. Dept. of Corrections, 315 F.3d 529, 531 (5th Cir. 2002). Under the PLRA, all available remedies must now be exhausted, regardless of the nature of the relief offered. Ferrington, 315 F.3d at 532, *citing* Porter, 534 U.S. at 524.

## III.

In this case, the Plaintiff failed to plead his compliance with the exhaustion requirement. In its answer filed August 12, 2005, more than 6 months ago, the County did, however, assert this noncompliance. Despite this notice of noncompliance, no grievance has been filed to fulfill the PLRA's exhaustion requirement.

According to Plaintiff's complaint, his alleged denial of medical care, specifically the denial

*Defendant Dallas County's Motion to Dismiss and Brief In Support  - Page 2*

of medications and the failure to monitor his blood pressure, occurred from the time he was booked into the Dallas County Jail on October 22, 2003 and throughout his confinement. At any time during the next 3 months of his incarceration actually in the Dallas County Jail, and thereafter while in the custody of the Dallas County Sheriff at Parkland Memorial Hospital, Plaintiff should have notified the Sheriff's Department by grievance of the alleged wrong committed against him by those responsible for his medical care. He was required to exhaust his administrative remedies when he had the opportunity to do so. His failure to meet this requirement prohibited him from filing this action. Noncompliance with the exhaustion requirement requires dismissal without prejudice until there has been compliance.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that this Court dismiss this action without prejudice under authority of Fed.R.Civ.P. 12(b).

Respectfully submitted,

BILL HILL
DISTRICT ATTORNEY

*/s/ Dolena T. Westergard*
DOLENA T. WESTERGARD
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 21219800
FEDERAL SECTION
FRANK CROWLEY COURTS BUILDING
133 N. INDUSTRIAL BLVD., LB 19
DALLAS, TEXAS 75207-4399
(214) 653-3692
(214) 653-2899 (FAX)

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Certificate was mailed, in accordance with Fed. R. Civ. P. 5, to Don Tiddle, Chateau Plaza, 2515 McKinney Avenue, Ste. 1400, Dallas, Texas 75201 on this 14th day of February, 2006.

*Dolena T. Westergard*
DOLENA T. WESTERGARD

*Defendant Dallas County's Motion to Dismiss and Brief In Support - Page 4*