

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

MAR 1 0 2006

CLERK, U.S. DISTRICT COURT

By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STANLEY SHEPHERD                §
                                §
        Plaintiff,              §
                                §
vs.                             §        Civil Action No. 3:05-CV-1442-D
                                §
DALLAS COUNTY                   §
                                §
        Defendant.              §

## PLAINTIFF STANLEY SHEPHERD'S BRIEF IN SUPPORT OF HIS RESPONSE TO DEFENDANT DALLAS COUNTY'S MOTION TO DISMISS

## I.
## INTRODUCTION

On July 20, 2005, Stanley Shepherd filed this suit pursuant to 42 U.S.C. § 1983 complaining of improper treatment and a violation of his civil rights by Defendant Dallas County (the "County") that occurred while he was incarcerated in the Dallas County Jail. Mr. Shepherd's incarceration as a pretrial detainee began on October 4, 2003 and ended on either January 22, 2004 when he was discharged to Parkland Hospital after suffering a massive stroke or on or about February 17, 2004 when he was admitted to the V.A. Medical Center, Dallas. (See Complaint at ¶¶ 4, 6 & 9). Accordingly, Mr. Shepherd filed his lawsuit more than a year after his incarceration ended. At no time in his Complaint does Mr. Shepherd ever allege that he was incarcerated at the time he filed suit.

In its motion, the County asks the Court to dismiss Mr. Shepherd's lawsuit pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. The County contends that since Mr. Shepherd's suit falls within the ambit of the Prison Litigation

Reform Act ("PRLA") – 42 U.S.C. § 1997e – Mr. Shepherd was required to exhaust "such administrative remedies as are available" before filing suit. *Id.* at § 1997e(a). The County claims that as Mr. Shepherd has not plead compliance with the administrative remedies that it asserts were available, the Court must dismiss this suit.

However, because Mr. Shepherd was not incarcerated at the time he filed his suit, the PRLA does not govern his claims and the County's Motion must be denied. Alternatively, in the event the Court finds that this suit falls within the scope of the PRLA, Mr. Shepherd respectfully requests that the Court grant him leave to amend his complaint so as to allege compliance with the administrative remedies, insofar as they were available to him, and/or that the County erected barriers to prevent his compliance with the exhaustion requirements of the PRLA and that such barriers thwarted the intent of the PRLA and/or resulted in an unconstitutional deprivation of Mr. Shepherd's constitutional right to due process of law.

## II.
## APPLICABLE LEGAL STANDARD

When considering a motion to dismiss, the Court must accept as true the well-pled factual allegations in the complaint, and construe them in the light most favorable to the plaintiff. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Thus, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also Grisham v. United*

*States*, 103 F.3d 24, 25-26 (5th Cir.1997).

## III.
### THE PLRA APPLIES ONLY TO SUITS FILED BY THOSE WHO ARE PRISONERS AT THE TIME THEIR PLRA COMPLAINT IS FILED

In *Janes v. Hernandez*, 215 F.3d 541 (5th Cir. 2000), a traffic offender jailed with violent criminals sued Bastrop County and its sheriff for engendering a violent and dangerous atmosphere at the jail that resulted in him being beaten by other inmates. The plaintiff filed his suit *following his discharge from the jail* and subsequently prevailed at trial. The defendants argued that the plaintiff's attorneys' fees were limited under the PRLA to an amount less than that awarded by the trial court.

However, the Fifth Circuit noted that, pursuant to the express language of the statute itself, "[the PRLA] applies to only those suits filed by *prisoners*." *Janes*, 215 F.3d at 543 (emphasis added). The PLRA defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). Consequently, since the plaintiff was not incarcerated when his complaint was filed, the Fifth Circuit held that the PRLA was not applicable to his claims and rejected the defendants' attempt to apply the PRLA to limit the award of attorneys' fees. *Janes*, 215 F.3d at 543 (citing *Doe v. Washington County*, 150 F.3d 920, 924 (8th Cir. 1998) and *Kerr v. Puckett*, 138 F.3d 321, 322-23 (7th Cir. 1998)); *see also Gibson v. Kendrick*, 2005 WL 1309161 (E.D.La. May 19, 2005) (citing *Janes*) ("Because Gibson was not a prisoner when he brought this suit, the PLRA and its physical

injury requirement do not apply.").

Although the holding of *Janes* applies to the PRLA as a whole and is more than broad enough to encompass the exhaustion of administrative remedies requirement of the statute, since there is no Fifth Circuit case in the context of that particular section of the Act, it is important to note that the circuits that have addressed the issue "have *unanimously* held that it is the plaintiff's status at the time he files suit that determines whether § 1997e(a)'s exhaustion provision applies." *Norton v. City of Marietta*, 432 F.3d 1145, 1150 (10th Cir. 2005) (emphasis added); *see also Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir.2005) (per curiam); *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir.2004); *Cox v. Mayer*, 332 F.3d 422, 424-25 (6th Cir.2003); *Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir.2002); *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 35 (1st Cir.2002); *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir.2000); *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir.1999) (per curiam). "Therefore, . . . a plaintiff who seeks to bring suit about prison life after he has been released and is no longer a prisoner does not have to satisfy the PLRA's exhaustion requirements before bringing suit." *Norton v. City of Marietta*, 432 F.3d 1145, 1150 (10th Cir. 2005); *accord Nerness*, 401 F.3d at 876; *Ahmed*, 297 F.3d at 210; *Page*, 201 F.3d at 1140; *Greig*, 169 F.3d at 167.

Since Mr. Shepherd was not incarcerated at the time he filed suit and his suit does not allege such that he was, the PRLA does not govern his claims and Defendant Dallas County's Motion must be denied.

## IV.
## PLAINTIFF'S RULE 15(a) MOTION TO AMEND IN THE ALTERNATIVE

Although, Plaintiff contends that the law clearly demonstrates that the exhaustion of remedies provision of the PRLA does not apply to his claims, in the event that the Court disagrees and is inclined to grant Defendant Dallas County's Motion, Plaintiff respectfully requests that he be granted leave to amend his complaint for the purpose of either clarifying that he was NOT incarcerated or detained at the time of filing his suit and to allege facts that would demonstrate that he complied with the administrative remedies, insofar as they were available to him, and/or that Dallas County erected barriers to prevent his compliance with the exhaustion requirements of the PRLA and that such barriers thwarted the intent of the PRLA and/or resulted in an unconstitutional deprivation of Mr. Shepherd's constitutional right to due process of law. *See e.g., U.S. v. Humana Health Plan of Tex. Inc.*, 354 F.3d 835, 841 (5th Cir. 2003).

*For the reasons state above*, Plaintiff Stanley Shepherd respectfully requests that this Court deny the Motion to Dismiss filed by Dallas County or grant Plaintiff leave to amend his complaint.

Respectfully submitted,

Robert L. Chaiken
State Bar No. 04057830
Greg S. Gober
State Bar No. 00785916

**CHAIKEN & CHAIKEN, P.C.**
One Galleria Tower
13355 Noel Road, Suite 600
Dallas, Texas 75240
(214) 265-0250 telephone
(214) 265-1537 facsimile
**ATTORNEYS FOR PLAINTIFF**

and

Don Tittle
State Bar No. 20080200
Attorney-in-Charge
**LAW OFFICES OF DON TITTLE**
Chateau Plaza, Suite 1400
2515 McKinney Avenue
Dallas, Texas 75201
(214) 522-8400 telephone
(214) 237-0901 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing brief has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure, on March 10, 2006.

Greg S. Gober

---