IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STANLEY SHEPHERD, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | 3:05-CV-1442-D |
| | § | (ECF) |
| DALLAS COUNTY, TEXAS | § | |
|     Defendant. | § | |

**DEFENDANT'S BRIEF IN SUPPORT**
**OF MOTION FOR SUMMARY JUDGMENT**

                                                **BILL HILL**
                                                **CRIMINAL DISTRICT ATTORNEY**

                                                **DOLENA T. WESTERGARD**
                                                **ASSISTANT DISTRICT ATTORNEY**
                                                **TEXAS BAR NO. 21219800**
                                                **FEDERAL SECTION**
                                                **133 N. INDUSTRIAL BLVD., LB 19**
                                                **DALLAS, TEXAS 75207-4399**
                                                **(214) 653-3692**
                                                **(214) 653-2899 (FAX)**

                                                **ATTORNEYS FOR DEFENDANT**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STANLEY SHEPHERD,<br>    Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§<br>§ | CIVIL ACTION NO.<br>3:05-CV-1442-D<br>(ECF) |
| DALLAS COUNTY, TEXAS<br>    Defendant. | §<br>§ | |

### DEFENDANT'S BRIEF IN SUPPORT
### OF MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW Defendant Dallas County ("the County"), pursuant to Fed.R.Civ.P. 56(c) and this Court's order of October 31, 2006, and submits its brief in support of its motion for summary judgment.

### APPLICABLE PROCEDURAL LAW

This action is before the Court on motion for summary judgment. Summary judgment is appropriate where the moving party, the County in this case, establishes that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Fordoche, Inc. v. Texaco Inc., 463 F.3d 388, 392 (5th Cir. 2006). A fact is material only when it might affect the outcome of the suit under the governing law, and a fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party. Fordoche, 463 F.3d at 392. When seeking summary judgment, the County bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to any issues on which it has the burden of proof at trial.

*Defendant's Brief in Support of Motion for Summary Judgment - Page* 2

Id.; TransAmerica Ins. Co. v. Avenell, 66 F.3d 715, 718 (5th Cir. 1995).  In this case, however, because it has no burden of proof at trial, the County may merely point to the absence of evidence and thereby shift to the Plaintiff the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.  Fordoche, 463 F.3d at 392; TransAmerica, 66 F.3d at 718-719.  The County, as the moving party with no burden of proof, is not even required to produce any evidence of its own.  Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1445 (5th Cir. 1993);  Medlin v. Palmer, 874 F.2d 1085, 1089 (5th Cir. 1989).

Upon the filing of this motion for summary judgment, the burden shifts to the Plaintiff to show with significant, probative evidence that there exists a "genuine" issue of "material fact" to be tried.  Adams v. Travelers Indemnity Co., 465 F.3d 156 (5th Cir. 2006), slip op. at 13-14.  Summary judgment is appropriate if Plaintiff fails to set forth specific facts, by affidavits or otherwise, to show there is a genuine issue for trial.  Rizzo v. Children's World Learning Centers, Inc., 84 F.3d 758, 762 (5th Cir. 1996).

Even if he sets forth specific facts, unless the record taken as a whole could lead a rational trier of fact to find for the Plaintiff as to those facts, there is no genuine issue for trial.  Stewart v. Murphy, 174 F.3d 530, 539 (5th Cir. 1999); U.S. v. Robinson, 78 F.3d 172, 175 (5th Cir. 1996).  If any essential element of his case lacks factual support, this Court should grant this motion for summary judgment.  GeoSouthern Energy Corp., v. Chesapeake Operating Inc., 274 F.3d 1017, 1020 (5th Cir. 2001).  A failure on the part of the nonmoving party to offer proof concerning an essential element of his claim necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists.  Adams, slip op. at 14.  The Fifth Circuit (en banc) has emphasized that summary judgment should be granted and will be affirmed when the Plaintiff fails to meet his burden

to come forward with facts and law demonstrating a basis for recovery that would support a jury verdict. <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1071 (5th Cir. 1994).

## ARGUMENTS AND AUTHORITIES

Plaintiff Stanley Shepherd ("Shepherd") asserts a violation of the constitutional right to medical care, for which he seeks monetary damages under 42 U.S.C. § 1983. The County is entitled to summary judgment as to this claim.

1. <u>The evidence in the summary judgment record fails to raise a genuine issue of material fact as to any denial of Shepherd's constitutional right to medical care by any individual for whose conduct the County is responsible (referred to herein as "any individual").</u>

A.   Section 1983

Section 1983 creates a private right of action for redressing the violation of federal law by those acting under color of state law. <u>Colson v. Grohman</u>, 174 F.3d 498, 504 n. 2 (5th Cir. 1999)(citing <u>Migra v. Warren City Sch. Dist. Bd. of Educ.</u>, 465 U.S. 75, 82 (1984)).  Rather than creating substantive rights, Section 1983 simply provides a remedy for the rights that it designates. Thus, an underlying constitutional or statutory violation is a predicate to liability under Section 1983. <u>Harrington v. Harris</u>, 118 F.3d 359, 365 (5th Cir. 1997).

B.   Violation of Constitutional Right to Medical Care

To prove a violation of the constitutional right to medical care there must be proof of more than ordinary lack of due care for an inmate's interests or safety.  The Constitution does not protect against conduct which might be characterized as negligence. <u>Hare v. City of Corinth, MS</u>, 74 F.3d 633,645(5th Cir. 1996)(<u>en banc</u>). The Constitution is violated only by deliberate and indifferent conduct, which is more than mere negligence. <u>Gibbs v. Grimmette</u>, 254 F.3d 545,549 (5th Cir. 2001).

*Defendant's Brief in Support of Motion for Summary Judgment - Page* 4

The constitutional standard of conduct must step up from negligence; it must be more than mere or even gross negligence. Hare, 74 F.3d at 645.

Any claim by an inmate of a violation of the constitutional right to medical care requires proof of an objective component and a subjective component. Gobert v. Caldwell, 463 F.3d 339, 345-346 (5th Cir. 2006). The objective component requires proof that the inmate was facing a substantial risk of serious harm. Id. at 345. The objective component is not in issue in this case. The subjective component, which is in issue, consists of two independent components.

### First Subjective Component: Subjective Awareness

This first component, the "subjective awareness" test, is whether any individual knew of the substantial risk of serious harm to Shepherd's health. The state actor's actual knowledge is critical to this inquiry. McClendon v. City of Columbia, 305 F.3d 314, 326 n.8 (5th Cir. 2002)(en banc). The evidence must establish any such individual was actually aware of facts from which an inference could be drawn that a substantial risk of serious harm existed and then actually drew the inference that such a potential for harm existed. Burleson v. TDCJ, 393 F.3d 577, 589 (5th Cir. 2004); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999); Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998). The failure of any such individual to alleviate a significant risk that should have been perceived, but was not, is not condemned as the infliction of punishment. Farmer v. Brennan, 511 U.S. 825, 838 (1994); McClendon, 305 F.3d at 326 n.8; Olabisiomotosho v. City of Houston, 185 F.3d 521, 528 (5th Cir. 1999). Liability attaches only if any such individual actually knew –not merely should have known -about the risk. Olabisiomotosho, 185 F.3d at 528. Liability may not be imposed even if the risk is obvious and a reasonable individual would have or should have noticed it. Farmer, 511 U.S. at 838. On the contrary, there is no liability in absence of proof that any such

individual <u>consciously</u> disregarded a substantial risk of serious harm.  <u>Hernandez v. Tex. Dep't of Protective & Regulatory Servs</u>., 380 F.3d 872, 880 (5th Cir. 2004).

### Second Subjective Component: Deliberate Indifference

The second independent component, the "deliberate indifference" test, is whether any such individual acted with deliberate indifference to that risk of harm.  Even if any individual had subjective knowledge of a substantial risk to Shepherd, he or she did not run afoul of the Constitution unless his or her response to such knowledge was one of "deliberate indifference."  <u>Farmer</u>, 511 at 830.  Deliberate indifference means recklessness disregard of the subjective type used in criminal law.  <u>Id</u>. at 827; <u>Sibley v. Lemaire</u>, 184 F.3d 481, 489 (5th Cir. 1999).  <u>The failure to act is not a basis for liability unless that failure occurred in circumstances from which the inference could be drawn that any individual actually wanted Shepherd to suffer harm.</u>  <u>Jackson v. Duckworth</u>, 955 F.2d 21, 22 (7th Cir. 1992).  A showing of deliberate indifference requires evidence that jail officials refused to treat the inmate, ignored his complaints, intentionally treated him incorrectly or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.  <u>Gobert</u>, 463 F.3d at 347.  Deliberate indifference is an extremely high standard to meet.  <u>Id</u>.  Conduct must rise to the level of egregious and intentional conduct to satisfy the exacting deliberate indifference standard.  <u>Id</u>. at 351.

B.   Law Applied to Summary Judgment Evidence: Denial of Medical Care Claim

The summary judgment evidence fails to raise a genuine issue of fact as to all of the elements material to a constitutional denial of medical care actionable under Section 1983.

The threshold issue in this case is whether the summary judgment evidence, if believed, is sufficient to raise a genuine issue about whether: (1) any particular employee of the University of Texas Medical Branch at Galveston ("UTMB") had actual knowledge that Shepherd was facing a

substantial risk of serious harm and (2) with this knowledge this same employee made the deliberate decision not to deny him his medications, with the intent that he be harmed. No evidence in the record establishes any such conduct and/or intent.

This threshold issue requires a "connect the dots" approach to the evidence, connecting <u>any particular individual's</u> actual knowledge with <u>that same individual's</u> conduct toward Shepherd after obtaining such actual knowledge. There is certainly no evidence of conduct (or omission) that legally rises to the level of "reckless disregard" as is required to establish <u>knowledgeable and deliberate indifference</u> to Shepherd's health needs.

In short, there is simply no evidence that Shepherd's injuries were the result of any conscious and deliberate refusal to provide Shepherd with medications, with the intent that he be harmed. Without such evidence, the conduct of the UTMB employees and the employees of the Sheriff's Department does not rise to the level of a violation of the United States Constitution. In the absence of such evidence, there is no underlying constitutional violation and this Court need not consider the County's liability. If a person has suffered no constitutional injury at the hands of an individual, the fact that there are reported deficiencies in health care at the Jail is quite beside the point. <u>Saenz v. Heldenfels Bros., Inc.</u>, 183 F.3d 389, 392 (5th Cir. 1999), quoting <u>Los Angeles v. Heller</u>, 475 U.S. 796, 799 (1986)(<u>per curiam</u>).

2. <u>The evidence in the summary judgment record fails to raise a genuine issue of material fact as to a policy or practice adopted or maintained by the Sheriff with deliberate indifference to constitutional rights and which policy or practice was the moving force behind any violation of Shepherd's constitutional right to medical care by any individual.</u>

A.    Applicable Law: County Liability

Even if the Court concludes that Plaintiff's evidence is sufficient to raise an issue of fact as to deliberate indifference on the part of any particular individual, the Court must still determine whether the County is legally responsible for such violation under 42 U.S.C. §1983. Section 1983 offers no respondeat superior liability. On the contrary, municipalities face Section 1983 liability only when execution of a government policy, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.[1] Pineda v. City of Houston, 291 F.3d 325, 328 (5th Cir. 2002). The law demands a high standard of proof before imposing liability on a municipal entity, such as the County. Snyder v. Trepagnier, 143 F.3d 791, 796 (5th Cir. 1998). Liability must be analyzed based on "fault," not "responsibility." Gonzalez v. Ysleta Independent School Dist., 996 F.2d 745, 757 (5th Cir. 1993).

This "fault" analysis involves three issues:

(1)   Whether the evidence supports the legal conclusion that the Sheriff had an "official" policy or practice which should subject the County to liability for the specific constitutional violation of Shepherd's rights.

(2)   If so, whether the evidence supports the legal conclusion that such "official" policy or practice was the "moving force" behind an underlying constitutional violation of Shepherd's rights.

(3)   If so, whether the evidence supports the legal conclusion that adoption or continuance of the Sheriff's official" policy or practice in question extended beyond mere negligent oversight to constitute deliberate indifference. Scott, 85 F.3d at 233-234.

These requirements must be carefully tested, rigorously adhered to and not diluted, lest municipal liability collapse back into respondeat superior. Pineda, 291 F.3d at 330 n. 16; Piotrowski v. City of Houston, 237 F.3d 567, 580 (5th Cir. 2001).

---

[1] In this case, the Sheriff is the final policymaker. Williams v. Kaufman County, 352 F.3d 994, 1013 (5th Cir.

*Defendant's Brief in Support of Motion for Summary Judgment - Page* 8

### (1) The Policy or Practice Issue

As to the first issue, it is well settled that the County is liable for damages under Section 1983 <u>only</u> for constitutional violations resulting from its "official policy." <u>Flores v. Cameron County, Tex.</u>, 92 F.3d 258, 263 (5th Cir. 1996). It may not be held liable for unconstitutional acts of individuals or those for whose conduct it has responsibility. <u>Rivera v. Houston ISD,</u> 349 F.3d 244, 247 (5th Cir. 2003); <u>Piotrowski,</u> 237 F.3d at 579. Any unconstitutional conduct in this case must be <u>directly attributable</u> to the County, specifically the Sheriff as its final policymaker, through some sort of official action or imprimatur. <u>Rivera</u>, 349 F.3d at 247.[2]

As it pertains to this case, "official policy" means a persistent, widespread practice of UTMB medical staff or the Dallas County Sheriff's Department, although not authorized by officially adopted and promulgated policy, that was so common and well settled as to constitute a practice that fairly represents County policy. Actual or constructive knowledge of such practice must be attributable to the final policymaker, in this case, the Sheriff.[3] <u>Id.</u> at 249; <u>Burge v. St. Tammany Parish</u>, 336 F.3d 363, 369 (5th Cir. 2003); <u>Brown v. Bryan County</u>, 219 F.3d 450, 457 (5th Cir. 2000). There must be proof of both a persistent and widespread practice <u>and</u> actual or constructive knowledge of that practice by the policymaker. <u>Pineda,</u> 291 F.3d at 328. For example, constructive knowledge means a pattern of prior incidents, <u>prior to the incident at issue</u>, so widespread that they were the subject of prolonged public discussion or a high degree of publicity. <u>Id.</u> at 330. Isolated violations are not the persistent, often repeated constant violations that constitute a practice that would impose liability

---

2003).

[2] Again, this inquiry continues the "connect the dots" approach in that any unconstitutional conduct by any particular UTMB staff member or by any particular employee of the Sheriff's Department must be directly connected to some official action by the Sheriff.

[3] At the time of Shepherd's incarceration, the Sheriff of Dallas County was Jim Bowles.

***Defendant's Brief in Support of Motion for Summary Judgment - Page* 9**

under Section 1983.  Rivera, 349 F.3d at 247; Piotrowski, 237 F.3d at 578; Campbell v. City of San Antonio, 43 F.3d 973, 977 (5th Cir. 1995).  Isolated violations almost never trigger liability. Piotrowski, 237 F.3d at 578.  There must be at least a pattern of similar incidents to establish the requisite practice.  Thompson v. Upshur County, TX, 245 F.3d 447, 459 (5th Cir. 2001). There must be evidence of a significant pattern of similar incidents to legally put the Sheriff, as the final policymaker, on actual or constructive notice that there was not only an unsanctioned practice in existence, but that continuance of that practice was substantially certain to result and had already resulted in the violation of the constitutional right of citizens.  Gonzales, 996 F.2d at 756.

### (2) Moving Force Issue

As to the second issue, there must also be evidence legally establishing a direct causal link between the Sheriff's practice at issue and the conduct (or omission) of the particular UTMB employee or Sheriff's Department employee who may have committed any underlying constitutional violation of Shepherd's right.  Piotrowski, 237 F.3d at 578.  The County is liable only where the County itself, through the official practice of the Sheriff, caused the underlying constitutional violation.  Richardson v. Oldham, 12 F.3d 1373, 1381 (5th Cir 1994).  The evidence must establish that the Sheriff's practice was the "moving force" behind the constitutional violation.  Piotrowski, 237 F.3d at 578.  This issue also requires a "connect the dots" approach to the evidence because the Sheriff practice at issue must be directly connected to the conduct (or omission) of the particular UTMB or Sheriff's Department employee which violated Baines's constitutional right.  Put another way, the practice at issue must have compelled whatever conduct (or omission) by the particular UTMB or Sheriff's Department employee that was the cause of Shepherd's injuries.

*Defendant's Brief in Support of Motion for Summary Judgment - Page* 10

### (3) Deliberate Indifference Issue

As to the third issue, the evidence must <u>also</u> establish that the particular flaw in Sheriff's practice which was the "moving force" behind the conduct (or omission) of the particular individual who may have committed any underlying constitutional violation was the product of deliberate indifference. This is a stringent standard of fault, requiring proof that the Sheriff disregarded a known or obvious consequence of continuing the practice at issue. <u>In the Matter of: Bobby Ray Foust, et al.</u>, 310 F.3d 849, 862 (5th Cir. 2002). It is <u>not</u> enough to show that the Sheriff practice was the product of deliberate choice. <u>Snyder</u>, 142 F.3d at 796. <u>There must be evidence of a deliberate decision by the County as an entity through the Sheriff to violate the Constitution</u>. <u>Id.</u> The Plaintiff must demonstrate that the Sheriff made a deliberate decision in spite of the Sheriff's knowledge not only of the existence of the practice, but the consequences of that practice in the past. Only then does a decision reflect deliberate indifference to a risk that a violation of a particular constitutional right would continue if the practice is not altered.[4] *See* <u>Board of County Comm'rs of Bryan County v. Brown</u>, 520 U.S. 397, 411 (1997). Deliberate indifference of this sort is a stringent test; a showing of <u>even heightened negligence will not suffice</u> to establish liability. <u>Piotrowski</u>, 237 F.3d at 579. This deliberate indifference "state-of-mind" requirement is separate from and independent of the "state-of-mind" necessary to establish any underlying constitutional violation. <u>Gonzalez,</u> 996 F.2d at 758.

B.  Law Applied To Summary Judgment Evidence

In the present case, even if this Court concludes that there is a genuine issue of material fact as to whether any particular individual employed by UTMB or the Sheriff's Department and, for whose

---

[4]  The practice that the Sheriff is alleged to have constructive knowledge of because of previous and repeatedly constitutional violations must <u>"connect" directly</u> to the policy that was the "moving force" behind Shepherd's injuries.

*Defendant's Brief in Support of Motion for Summary Judgment - Page* 11

conduct (or omission) the County is responsible, violated any constitutional right of Shepherd, there is an absence of evidence in this record that would factually or legally impose liability for that wrongdoing on the County.

First, it is clear that no evidence in the record establishes, or raises a genuine issue of material fact, that the County took affirmative steps through an order, policy statement, resolution or otherwise, that authorized, condoned or encouraged its employees to act with deliberate indifference to the medical needs or safety of inmates in the Dallas County Jail. In particular, there is no evidence of any affirmative steps by the County to deny any inmate medication prescribed to him. On the contrary, there is no dispute that all times material to this action the County had an agreement with UTMB that had as its purpose the provision of medical care to inmates, specifically including the provision of medications to inmates. (App. 008, 017-018). There is no evidence that the Sheriff had the requisite knowledge that these written policies were deficient and, in fact, no evidence establishes that there were indeed deficient. Likewise, no evidence establishes that these policies were not being adhered to by UTMB on a widespread and persistent basis. And, no evidence establishes that the Sheriff had the requisite knowledge that these policies were not being adhered to by UTMB on a widespread and persistent basis.

Second, there is an absence of evidence that some unwritten policy or practice of the Sheriff caused - was the "moving force" behind - any such particular individual's conduct (or omission) in violating Shepherd's rights. There is also an absence of evidence that this very same unwritten practice or policy had come to the policymaker's notice - to the Sheriff's notice - as one that was not only widespread and persistent, but which had already and repeatedly caused like constitutional violations. In particular, there is an absence of evidence that any such knowledge came to the

*Defendant's Brief in Support of Motion for Summary Judgment - Page* 12

Sheriff's attention <u>prior to Shepherd's incarceration</u> between October 4, 2003 and January 22, 2004. There is <u>also</u> an absence of evidence that, despite this actual notice, the Sheriff then made a <u>deliberate decision</u> to continue the very same unwritten practice or policy.

In short, the summary judgment record <u>lacks the requisite evidentiary "connection"</u> between the conduct (or omission) of any particular individual employed by UTMB or the Sheriff's Department which violated Shepherd's constitutional rights <u>and</u> between a specific practice of which the Sheriff had knowledge that previous and repeated violations such as that committed against Shepherd had already occurred <u>and</u> between a deliberate decision not to alter the practice at issue. In the absence of <u>all such evidence</u>, there is no basis for liability against the County for any underlying violation of Shepherd's rights and summary judgment is therefore appropriate.

        Respectfully submitted,

        BILL HILL
        CRIMINAL DISTRICT ATTORNEY

        /s/ Dolena T. Westergard
        DOLENA T. WESTERGARD
        ASSISTANT DISTRICT ATTORNEY
        TEXAS BAR NO. 21219800
        FEDERAL SECTION
        133 N. INDUSTRIAL BLVD., LB 19
        DALLAS, TEXAS 75207-4399
        (214) 653-3692
        (214) 653-2899 (FAX)

        ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this brief was delivered to counsel for the Plaintiff by the electronic filing of this motion.

        /s/ Dolena T. Westergard
        DOLENA T. WESTERGARD

*Defendant's Brief in Support of Motion for Summary Judgment - Page* 13