IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STANLEY SHEPHERD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:05-CV-1442-D |
| VS. | § | |
| | § | |
| DALLAS COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM

The court has today filed a judgment in favor of plaintiff Stanley Shepherd ("Shepherd") against defendant Dallas County, Texas. In doing so, it has not awarded prejudgment interest.

In an action under 42 U.S.C. § 1983, "[t]he district court has sound discretion to award prejudgment interest . . . . It does not have to award prejudgment interest on Section 1983 claims." *San Jacinto Sav. and Loan v. Kacal*, 8 F.3d 21, 1993 WL 455886, at *2 (5th Cir. Oct. 27, 1993) (per curiam) (unpublished table decision) (citations omitted) (citing *Hale v. Fish*, 899 F.2d 390, 404 (5th Cir. 1990); *Parson v. Kaiser Aluminum & Chem. Corp.*, 727 F.2d 473 (5th Cir. 1984)). The vast majority of the damages that the jury awarded Shepherd are future damages. This is a basis to deny an award of prejudgment interest. *See San Jacinto Sav.*, 8 F.3d 21, 1993 WL 455886, at *2 (citing *William v. Reading & Bates Drilling Co.,* 750 F.2d 487, 491 (5th Cir. 1985), for premise that prejudgment interest may not be awarded for future damages). Additionally, several other categories of damages awarded to Shepherd include intangible losses. This also warrants denying an award of prejudgment interest. *See id.* (citing *Blackburn v. Snow*, 771 F.2d 556, 573 (1st Cir. 1985) (holding that prejudgment interest might be inappropriate in civil rights cases involving intangible

losses)). The court has therefore declined in its discretion to award prejudgment interest, and it enters this memorandum to explain its reasoning.

August 26, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE