IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STANLEY SHEPHERD,                    §
                                     §
                   Plaintiff,        §
                                     §  Civil Action No. 3:05-CV-1442-D
VS.                                  §
                                     §
DALLAS COUNTY, TEXAS,                §
                                     §
                   Defendant.        §

MEMORANDUM OPINION
AND ORDER

Following a jury verdict and the entry of an amended judgment
in favor of plaintiff Stanley Shepherd ("Shepherd"), Shepherd
applied for an award of attorney's fees and reimbursement of costs.
The court referred the application to United States Magistrate
Judge Paul D. Stickney for recommendation.  On January 22, 2009
Judge Stickney filed his findings, conclusions, and recommendation,
setting out in a detailed, 34-page opinion (plus exhibits) his
reasons for recommending an award of $280,761.50 in attorney's
fees,[1] $871.32 in allowable out-of-pocket litigation expenses, and
$6,253.96 in costs taxed by the Clerk of Court.  Defendant Dallas
County, Texas ("Dallas County") objects to the recommendation on
three principal grounds.  Following *de novo* review, the court
adopts in substantial part Judge Stickney's findings, conclusions,
and recommendation and awards Shepherd the sum of $255,871.50 in
attorney's fees, $871.32 in allowable out-of-pocket litigation

---

[1]This amount includes $2,010 for litigating the fee
application before the magistrate judge.

expenses, and $6,253.96 in costs taxed by the Clerk of Court.

I

Dallas County objects to the magistrate judge's findings, conclusions, and recommendation on three primary grounds. The court addresses each in turn.

A

First, Dallas County objects to the magistrate judge's finding that the attorney's fees award should not be reduced even though Shepherd was unsuccessful on his episodic acts or omissions theory of recovery. Dallas County contends that Shepherd asserted two separate claims in this action: (1) that an episodic act or omission resulted in the denial of medical care, and (2) that the conditions of confinement resulted in the denial of medical care. It argues that, because the court granted summary judgment in its favor on the episodic acts or omissions theory, Shepherd should not be able to recover attorney's fees for the hours expended on this theory, and that the fee award should be reduced accordingly.

As Judge Stickney recognized, the Supreme Court's opinion in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), specifies the proper framework for analyzing a reasonable fee award when a "prevailing plaintiff" does not prevail on every contention made in the lawsuit. Instead of automatically reducing the award, a court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the

- 2 -

litigation." *Id.* at 435. "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Id.*

After considering the outcome and facts of the present case, the magistrate judge found that the attorney's fees award should include all the hours reasonably expended on the litigation as a whole. Following *de novo* review, the court agrees. In light of the substantial jury verdict in Shepherd's favor, the common core of facts and overlapping nature of the two theories of recovery, and the hours reasonably expended in the litigation, the court concludes that Shepherd's attorney's fees award should not be reduced simply because he did not prevail on one of two theories of recovery, particularly given the overlapping nature of the two claims. Accordingly, the court overrules Dallas County's first objection.

B

Second, Dallas County objects to the magistrate judge's findings concerning its complaints of "block billing" by Shepherd's attorneys. "'[B]lock billing refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" *Barrow v. Greenville Indep. Sch. Dist.*, 2005

U.S. Dist. LEXIS 34557, at *10 (N.D. Tex. Dec. 20, 2005) (Fitzwater, J.) (quoting *Robinson v. City of Edmond*, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998)), *aff'd*, 2007 WL 3085028 (5th Cir. Oct. 23, 2007) (unpublished opinion), *cert. denied*, ___ U.S. ___, 128 S.Ct. 2475 (2008).

Dallas County's objection appears to have two components. It first asserts that Shepherd's attorneys' practice of "block billing" renders it impossible to distinguish which hours were spent on which theory of recovery. In light of the court's (and the magistrate judge's) conclusion that the reasonable attorney's fees need not be reduced to account for work related to the episodic acts or omissions theory of recovery, this ground for the objection lacks force.

Dallas County asserts, second, that the "block billing" by Shepherd's attorneys generally precludes a determination of what hours were necessary, reasonable, and not redundant. Judge Stickney thoroughly considered this contention in his recommendation, however, and he carefully analyzed the specific entries to which Dallas County objected. He found that most of the entries were adequate to determine that the hours were reasonable and compensable, but he recommended specific reductions for the entries that were inadequate or that appeared to be redundant. Following *de novo* review of the record, objections, and the magistrate judge's recommendation, the court adopts the magistrate

judge's findings, conclusions, and recommendations concerning "block billing," and it overrules Dallas County's objection.

C

Third, Dallas County objects to the magistrate judge's finding that most of the hours that Shepherd's attorneys expended preparing the response to Dallas County's summary judgment motion were not excessive.[2]  The magistrate judge found that 214.1 of the hours that Shepherd's attorneys spent preparing the summary judgment response were reasonable.  Of these hours, 46.4 were billed by Don A. Tittle, Esquire ("Tittle"), and 167.7 were billed by Debbie Branscum, Esquire ("Branscum").  Following *de novo* review, the court sustains Dallas County's objection to the extent that the court reduces by 40% the hours claimed for preparing the summary judgment response.[3]

---

[2]The magistrate judge did find that 12.4 hours spent on the response were excessive; Dallas County objects to the finding that the remaining 214.1 hours were not excessive.

[3]Percentage reductions are appropriate when attorneys impermissibly engage in block billing or fail to exercise billing judgment.  *See Barrow*, 2005 U.S. Dist. LEXIS 34557, at *17 ("[M]ost courts reviewing block-billed time entries have performed a percentage reduction either in the number of hours or in the lodestar figure." (citing *Paris v. Dallas Airmotive, Inc.*, 2004 WL 2100227, at *9-*11 (N.D. Tex. Sept. 21, 2004) (Lindsay, J.))), and *38 ("The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment." (quoting *Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996))).  For analogous reasons, they are appropriate when a court reduces excessive time spent on particular legal services.  *See, e.g., White v. Imperial Adjustment Corp.*, 2005 WL 1578810, at *15 (E.D. La. June 28, 2005) (reducing by 25% fees requested for

Although the court does not agree with Dallas County's contention that Shepherd's response essentially only needed to echo, and in fact did little more than echo, the court's earlier decision in *Palo v. Dallas County*, 2007 WL 2140590 (N.D. Tex. July 26, 2007) (Fitzwater, J.) (a similar lawsuit brought against Dallas County),[4] it does find that a claim for 214.1 hours is excessive in relation to what was reasonably necessary to prepare the summary judgment response brief.[5]  This amount equals more than five 40-hour weeks (almost 27 eight-hour days).[6]  The court has reviewed the September 5, 2007 summary judgment response brief, the magistrate judge's recommendation, and the parties' arguments, and it holds that a brief of this quality and content could have been researched, written, and edited in no more than three weeks of total work, i.e., about three-fifths of the time for which

_____

excessive time spent on drafting, preparation, and legal research).

[4]For one thing, it was necessary for Shepherd to apply *Palo* to the facts of his own case, which he did with care in his response brief.  Shepherd could not simply cite *Palo* with the assurance that the court would rule in his favor.

[5]At one point in his recommendation, the magistrate judge cites Tittle's experience as a civil rights lawyer and Branscum's specialization in legal research and writing as support for the fees requested regarding the summary judgment response brief.  Rec. 19.  But this reasoning also supports *reducing* the hours claimed because experienced attorneys should be expected to work more efficiently.  This is one reason why they can command a higher hourly rate.

[6]It is commonly understood that to *bill* eight hours in one day, an attorney must usually *work* more than eight hours.

- 6 -

compensation is sought.  Accordingly, this amount of time should be reduced by 40% so that 60% of the time is allowed.  Thus the total number of compensable hours (rounded) for work on the summary judgment response is 28 hours for Tittle and 101 hours for Branscum.  This reduces Tittle's fees by $6,440 (18.4 hours x $350 = $6,440) and reduces Branscum's fees by $20,010 (66.7 hours x $300 = $20,010).  The court sustains Dallas County's objection to the magistrate judge's recommendation as to this reduction, but it overrules its objections in all other respects.

                                    II

     With the exception of the reduction in compensable hours for work spent on the summary judgment response, the court adopts the findings, conclusions, and recommendation of the magistrate judge.  Accordingly, the court holds that Shepherd is entitled to $254,311.50 in attorney's fees,[7] plus $1,560 in additional attorney's fees for responding to Dallas County's objections to the magistrate judge's recommendation (*see infra* § III), and $871.32 in allowable out-of-pocket litigation expenses and $6,253.96 in costs taxed by the Clerk of Court.

_____

     [7]This amount is calculated as follows: Robert L. Chaiken, Esquire: 68.7 hours at $350/hour = $24,045.00; Greg A. Gober, Esquire: 63.3 hours at $200/hour = $12,660.00; Tittle: 472.05 hours at $350/hour = $165,217.50; and Branscum: 167.93 hours at $300/hour = $50,379.00.  The fees for these four attorneys total $252,301.50.  The sum of $2,010—reflecting fees for litigating the fee application before the magistrate judge—is then added to this total, for a grand total of $254,311.50.

III

Shepherd also seeks additional attorney's fees of $1,560 (5.2 hours x $300 per hour) for time spent preparing his response to Dallas County's objections to the magistrate judge's recommendation.  "An award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application."  *Case v. Unified Sch. Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1254 (10th Cir. 1998) (internal quotation marks omitted) (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1205 (10th Cir. 1986)).  The court finds and concludes that this time expenditure and hourly rate are reasonable for preparing the response brief.  Accordingly, the court awards Shepherd the additional sum of $1,560 in fees for opposing Dallas County's objections.

*         *         *

Shepherd is awarded from Dallas County $255,871.50 (i.e., $254,311.50 + $1,560) in attorney's fees, $871.32 in allowable out-of-pocket litigation expenses, and $6,253.96 in costs taxed by the Clerk of Court.

**SO ORDERED.**

April 10, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

- 8 -