```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                     DALLAS DIVISION

STANLEY SHEPHERD,                §
                                 §
              Plaintiff,          §
                                 § Civil Action No. 3:05-CV-1442-D
VS.                              §
                                 §
DALLAS COUNTY, TEXAS,            §
                                 §
              Defendant.         §
```

MEMORANDUM OPINION
AND ORDER

Plaintiff Stanley Shepherd ("Shepherd") moves for an award of attorney's fees, costs, and expenses for successfully defending the appeal taken in this case by defendant Dallas County, Texas ("Dallas County"). *See Shepherd v. Dallas County*, 591 F.3d 445 (5th Cir. 2009). Dallas County opposes the fee request, arguing that the requested hours are excessive. The court grants in part and denies in part Shepherd's supplemental motion. Dallas County also objects to the magistrate judge's order taxing against it costs incurred by Shepherd (primarily the cost of a trial transcript) on appeal. The court affirms the magistrate judge's order, and it awards Shepherd attorney's fees incurred in opposing Dallas County's objection.

I

Shepherd brought suit under 42 U.S.C. § 1983 for violations of his rights in connection with treatment of his medical conditions while in the custody of Dallas County. He prevailed at trial and on appeal. When a plaintiff prevails on a § 1983 claim, "the

court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]"  42 U.S.C. § 1988(b); *see also Dorward v. Ramirez*, 2009 WL 2777880, at *20 (N.D. Tex. Aug. 28, 2009) (Fitzwater, C.J.). The same is true for a § 1983 litigant who prevails on appeal.  *See Bode v. United States*, 919 F.2d 1044, 1052 (5th Cir. 1990) (noting that "attorneys' fees may be awarded for all aspects of litigation, including appeal").  The court previously awarded $255,871.50 in attorney's fees, $871.32 in litigation expenses, and $6,253.96 in court costs for the trial stage following the jury verdict in Shepherd's favor.  *See Shepherd v. Dallas County, Tex.*, 2009 WL 977294 (N.D. Tex. Apr. 10, 2009) (Fitzwater, C.J.).

                                II

Shepherd now seeks $56,242.50 in attorney's fees, $2,276.70 in taxable costs, and $656.75 in litigation expenses.  The attorney's fees are based on a lodestar calculation using the hourly rates of $300 for Debbie Branscum, Esquire ("Branscum"), and $350 for Don Tittle, Esquire ("Tittle"), which the court found were reasonable in its earlier opinion.  These are the same two lawyers for whose time Shepherd now seeks additional compensation, and he requests that the court use the same hourly rates.  Dallas County does not appear to challenge these rates, other than to assert that Shepherd did not produce evidence demonstrating that these were reasonable rates to use at *the appellate*, as opposed to *the trial*, level.  The

court finds that the continued use of these rates at the appellate stage is reasonable.

Dallas County's primary objection is that the time claimed is excessive. The total time recorded by both attorneys is 185.35 hours. The majority of this time, 172.6 hours, is attributable to Branscum; 12.75 hours are attributable to Tittle. Both attorneys have provided records of how this time was spent. Branscum's records fall into three primary categories: (1) time briefing the appeal (107.7 hours); time preparing for and presenting oral argument, including travel time (50.4 hours); and time for services rendered after the Fifth Circuit's decision, including drafting the instant motion (14.5 hours). Each of these categories is further divided into topic- and date-specific entries for all work. Tittle's records consist of a single page with entries on six different dates, all prior to the date of the Fifth Circuit argument, and involve tasks such as editing the appellate brief and providing oral-argument advice.[1]

---

[1] Dallas County argues that the time-keeping entries by Shepherd's attorneys are too general and prevent meaningful review. For example, it objects to numerous entries by Branscum for "work on appellee brief," and it asserts that "Plaintiff's counsel should have, at a minimum, identified what particular portion of the brief or what legal issue or argument was 'worked on' on any given date." D. Br. 4 (emphasis omitted). Although the court has in other instances declined to award fees based on "block billing," it will not do so here because Shepherd's attorneys have provided day-by-day and task-by-task accounts of all time spent. Shepherd's counsels' records could have been more detailed, but the ones they have submitted are sufficient to assess the reasonableness of the time expended. Moreover, the court is reducing by about 27% the

Dallas County does not contend that the court should not award any fees in this case—it simply disputes the amount. Its primary argument is that the time Branscum expended is excessive. In support, Dallas County posits that defending the appeal should have been a fairly straightforward exercise for Shepherd's counsel, requiring little research and only a small investment of time. "There was little new on appeal, except that the legal and factual issues were heard anew by a panel of Circuit Judges." D. Br. 5. Because "everything that ordinarily occurs at the appellate level is essentially a 'rehash' of what has already been presented, albeit with a new audience, the panel of 3 Justices," Dallas County argues, "preparation of [Shepherd's] brief should have been a matter of putting 'paper to pen.'" *Id.* at 2. It asserts that there was little need for legal research, because all the relevant issues would have been thoroughly researched at the trial stage. Dallas County also maintains that the hours expended in preparation for oral argument are excessive, and that any work performed after the Fifth Circuit rendered its decision should not be compensated.

"There is no mathematical formula to precisely calibrate the number of hours reasonably necessary for appellate representation." *Leroy v. City of Houston*, 906 F.2d 1068, 1083 (5th Cir. 1990). The

---

time Shepherd seeks for Branscum's work concerning his brief on appeal and oral argument. And Dallas County offers no authority for the assertion that Branscum was required to disclose the precise legal issues or sections of her brief for which she expended time.

court should determine reasonableness using its "common sense, informed by years of experience with briefing and arguments . . . and what the record reflects concerning the prior work [Shepherd's attorneys] had done on the case." *Id.* The court finds that Shepherd's requested attorney's fees are largely reasonable, given the circumstances of this case. Dallas County's assertion that the appeal essentially required minimal research and review is unpersuasive, as is the argument that it was only necessary for Shepherd's attorneys to refine their trial arguments. Indeed, if the legal and factual issues in this case were as straightforward as Dallas County suggests, it would seem to call into question why it appealed on the grounds that it did or why the Fifth Circuit deemed it appropriate to issue a published opinion.

As the Fifth Circuit noted, successfully litigating a § 1983 case such as Shepherd's is "rare." *Shepherd*, 591 F.3d at 449. To succeed in a lawsuit of a type that typically fails, it was reasonable for Shepherd's attorneys to expend substantial time researching and writing an appellee brief and preparing for oral argument. The court finds credible Branscum's affidavit testimony that Dallas County's appellate brief and strategy required her to undergo an analysis of numerous underlying issues before addressing the merits of the case. The facts of this case have given rise to competing legal theories—as noted both by this court and by the Fifth Circuit—and it was reasonable for Shepherd's counsel to plan

- 5 -

accordingly.  The fact that the attorneys were familiar with the legal questions raised at trial does not of itself preclude additional review of the record, research, writing, and preparation concerning these same matters at the appellate level.

Although the court disagrees with most of Dallas County's argument, it does agree that some of the time that Branscum expended is excessive.  Having reviewed Shepherd's appellate brief, the court finds that it could reasonably have been prepared in two weeks (or 80 hours) of total time.  Branscum's records reflect that she devoted 107.7 hours to researching and writing the brief. It appears that 99.3 hours of this time were allocated to writing it.  The court finds that, although it was necessary that Shepherd's counsel thoroughly and carefully review the law and facts, the brief could reasonably have been researched and written by someone of Branscum's experience in 80 hours.  The court therefore finds that Branscum reasonably spent 27.7 fewer hours (i.e., 107.7 claimed hours - 80 reasonable hours = 27.7 hours) than Shepherd requests.

Similarly, Branscum's recorded time preparing for oral argument is excessive.  Of the 50.4 submitted hours, 42.6 are designated with the conclusory label "prepare oral argument," without further explanation.  The fact that Branscum is the same attorney who researched and wrote the appellate brief means that she should have been familiar with the legal and factual issues

that would factor into oral argument. The court finds that someone of Branscum's experience could have adequately prepared for oral argument in the equivalent of three eight-hour days of work (24 total hours). The total approved time for oral argument preparation is therefore reduced by 18.6 hours (42.6 reported hours - 24 reasonable hours = 18.6 excessive hours). This results in 31.8 approved hours related to oral argument (50.4 - 18.6 = 31.8).

Accordingly, the court reduces the compensable time for Branscum's preparation of the brief to 80 hours, and her oral argument time to 31.8 hours. The remainder of Branscum's (14.5 hours) and Tittle's (12.75 hours) time is reasonable, and the court approves these fees. Thus the total time for which the court awards compensation is 126.3 hours for Branscum (80 + 31.8 + 14.5 = 126.3) and 12.75 hours for Tittle. The lodestar calculation for each attorney is $37,890 for Branscum (126.3 hours x $300 per hour) and $4,462.50 for Tittle (12.75 hours x $350 per hour). The fees for these expenditures of time are reasonable and necessary.

The court will not enhance the lodestar amount. Shepherd's supplemental motion includes a discussion of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), but Shepherd does not argue that this analysis supports an enhancement to the lodestar. Dallas County opposes any enhancement. The Supreme Court recently decided that the lodestar amount is presumptively reasonable and adequate to induce attorneys

to undertake representation in meritorious civil rights cases. *See Perdue v. Kenny A.*, ___ U.S. ___, 130 S.Ct. 1662, 1672-73 (2010). The Court made clear that, in a fee-shifting case under § 1988, circumstances will rarely justify an enhancement beyond the lodestar amount, and courts must "require specific evidence that the lodestar fee would not have been adequate to attract competent counsel." *Id.* at 1674 (internal quotation marks omitted). Because there is no such evidence here, the court declines to enhance the lodestar.[2]

### III

When the Fifth Circuit affirmed this court's decision, it assessed all taxable costs on appeal against Dallas County. Shepherd sought these taxable costs in this court, pursuant to Fed. R. App. P. 39(e), and Dallas County filed an objection that the court referred to the magistrate judge. The magistrate judge entered an order awarding Shepherd the costs he sought. Dallas County objects to the magistrate judge's order to the extent it awards Shepherd the cost of a trial transcript used by his counsel in representing him on appeal.[3] Shepherd seeks additional

---

[2]The court does not suggest that *Perdue* applies outside the context of a fee-shifting statute such as 42 U.S.C. § 1988. *See Klein v. O'Neal, Inc.*, 2010 U.S. Dist. LEXIS 59745, at *5 (N.D. Tex. June 16, 2010) (Fitzwater, C.J.) (holding that *Perdue* did not alter Fifth Circuit precedent in common fund cases).

[3]Dallas County filed its objection on May 25, 2010, and Shepherd filed his response on June 2, 2010. Dallas County did not file a reply brief as of the June 16, 2010 deadline. The court is

attorney's fees incurred in opposing Dallas County's objection.

The court reviews the magistrate judge's decision for abuse of discretion. *See, e.g., La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 334 (5th Cir. 1995) ("We will not overturn the district court's taxation of costs absent a clear abuse of discretion."). Rule 39(e)(2) allows the district court to tax the costs of "the reporter's transcript, if needed to determine the appeal." As the magistrate judge found, Shepherd's attorneys were not obligated to use the copy of the transcript that Dallas County obtained for use on appeal. It was reasonable that they obtain their own copy. One ground of Dallas County's appeal was a lack of sufficient evidence to support the verdict. It was therefore necessary for Shepherd's attorneys to carefully review the trial proceedings and evidence, as reflected in the trial transcript. Dallas County has not demonstrated that the magistrate judge abused his discretion in taxing against it the cost of this transcript. The order is therefore affirmed.

The court also awards Shepherd additional attorney's fees for the time his counsel incurred responding to Dallas County's objection. In a June 2, 2010 supplement to his motion for attorney's fees, Shepherd submits evidence that Branscum spent 3.2

---

therefore deciding the merits of the objection without awaiting a reply brief.

hours reviewing Dallas County's objection and drafting a response.[4] The court finds that this is a reasonable and necessary amount of time for the work performed. For the reasons explained *supra* at § II, the court awards attorney's fees for this time at the rate of $300 per hour, for a total of $960 (3.2 hours x $300 per hour).

Finally, the court has also reviewed Shepherd's request for reimbursement of litigation expenses and finds that it is reasonable and necessary. Dallas County has not made any argument that undermines the validity of this request.

\*     \*     \*

Accordingly, for the reasons explained, the court awards a total of $42,352.50 in attorney's fees for time spent on the appeal ($37,890 for work by Branscum, and $4,462.50 for work by Tittle), $2,276.70 in taxable costs, $960 in additional attorney's fees for time spent by Branscum responding to Dallas County's objection to the magistrate judge's order, and $656.75 in litigation expenses. Dallas County must pay this total sum ($46,245.95) within 45 days

---

[4]Dallas County did not respond to the June 2, 2010 supplement as of the June 23, 2010 due date. The court is therefore addressing the request for additional fees without considering a response from Dallas County.

of the date this memorandum opinion and order is filed.  The magistrate judge's May 19, 2010 order is affirmed.

**SO ORDERED.**

June 24, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE